IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCHULZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BAY AREA MOTIVATE, LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-02134-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Doc. No. 25 |

Before the Court is the "Motion to Dismiss Plaintiffs' Second Amended Complaint Under Rule 12(b)(6)," filed January 27, 2020, on behalf of defendants Bay Area Motivate, LLC ("Motivate LLC"), Motivate International, Inc. ("Motivate Inc."), and Lyft, Inc. ("Lyft") (collectively, "Motivate Defendants"), as well as on behalf of defendants Metropolitan Transportation Commission ("MTC") and City and County of San Francisco ("San Francisco"). Plaintiff John Schulz ("Schulz") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the instant action, Schulz, who uses a wheelchair,[2] contends the manner in which defendants operate the Bikeshare Program in San Francisco violates the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and three California statutes. By order filed December 3, 2019 ("December 3 Order"), the Court granted

---

[1] By Clerk's notice issued March 18, 2020, the matter was taken under submission.

[2] Although Schulz alleges he is a "quadriplegic" (see SAC ¶ 1), he states he can "transfer[ ] in and out of his wheelchair" (see SAC ¶ 2), including onto a "hand-powered bike," which he can use (see SAC ¶ 5).

defendants' motion to dismiss the First Amended Complaint, for failure to state a claim, and afforded Schulz leave to amend, which he subsequently did. In the instant motion, defendants contend the Second Amended Complaint ("SAC") fails to state a cognizable claim. The Court considers, in turn, the eight Causes of Action asserted in the SAC

**A. Federal Claims**

### 1. First Cause of Action: Violation of Title II, Subpart A, of ADA

The First Cause of Action, titled "Discrimination Violating Title II, Subpart A, of the [ADA]," is asserted against the MTC and San Francisco only. Under Title II, Part A, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C. § 12132.[3]

To state a claim under Title II, Subpart A, "a plaintiff must show that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the program or activity, and that the accommodation would have enabled [him] to meet the program's essential eligibility requirements." See A.G. v. Paradise Valley Unified School Dist., 815 F.3d 1195, 1206 (9th Cir. 2016) (internal quotations and citations omitted).

Here, Schulz alleges the MTC and San Francisco operate a Bikeshare Program, which program has three components: (1) 4000 bicycles located in "docks" operated by Motivate Defendants and available for rent (see SAC ¶¶ 9, 24, 27, 29); (2) an additional 500 "dockless" bicycles available for rent through a company known as JUMP (see SAC ¶¶ 8 n.2, 29); and (3) "adaptive bikes" available for rent during a five-hour period each Sunday in Golden Gate Park through "Bay Area Outreach and Recreation Program," an

---

[3]Title II, Part A, applies to "all services, programs, and activities provided or made available by public entities," see 28 C.F.R. § 35.102(a), other than "public transportation services, programs, and activities of public entities," see 28 C.F.R. § 35.102, which, as noted below, are covered by Title II, Part B.

"agent" of "defendants" (see SAC ¶¶ 8, 10, 31). Schulz further alleges he is excluded from renting any of the docked or dockless bicycles, as none is a "hand-powered" bicycle, which he can use (see SAC ¶¶ 14, 39, 40), and that he is "constructively excluded" from renting an adaptive bicycle, as such rentals are "only available for five hours on Sundays," whereas the docked and dockless bicycles, which he cannot use, are available 24 hours a day, seven days a week (see SAC ¶ 9).

In its December 3 Order, the Court dismissed the First Cause of Action as alleged in the FAC, for the reason that Schulz "failed to plead facts to show there exists an accommodation or accommodations that would allow him to participate in the San Francisco Bikeshare Program." (See December 3 Order at 12:3-5).[4] In the SAC, Schulz now alleges "alternatively reasonable accommodations that would assist [Schulz] in meaningfully accessing" each of the three components of the Bikeshare Program. (See SAC ¶ 43; see also SAC ¶¶ 8, 41; Pls.' Opp. at 6:18 (stating "any of the[ ] three modifications" would allow him to "access [d]efendants' Bikeshare Program").)

With respect to adaptive bicycle rentals, Schulz alleges such component would be "meaningfully access[ible]" to him if the program had "more extensive and longer hours" with staff available to assist him with using a bicycle and to "configure" a bicycle for his use. (See SAC ¶ 43.) Defendants argue Schulz's proposed accommodation would fundamentally alter the existing program. Schulz alleges, however, such component is presently staffed, and that the staff assist customers with "balance, stabilization, and fitting" as needed. (See SAC ¶ 31.) The proposed accommodation thus would not involve staff performing new tasks. It would, however, require staff to be available for additional hours on Sundays and/or on additional days of the week, which likely would increase the costs defendants incur in providing an adaptive bicycle rental service.[5]

---

[4] The allegations in the FAC only pertained to one of the Bikeshare Program's three components, renting docked bicycles.

[5] Additional staffing costs could be offset, at least in part, by additional rental fees due to longer hours of service.

Nevertheless, nothing in the SAC compels a finding that expanding the time staff are available to assist persons who wish to rent adaptive bicycles would result in an unreasonable financial or administrative burden on either the MTC or San Francisco, and, consequently, a defense based on those burdens is premature at the pleading stage. See 28 C.F.R. § 35.150(a)(3) (providing, under ADA, public entity has "burden" to show proposed accommodation would result in "fundamental alteration" of service or cause the public entity "undue financial and administrative burdens").

Accordingly, as Schulz has identified, for pleading purposes, a reasonable accommodation that would enable him to use one component of the Bikeshare Program, the First Cause of Action is not subject to dismissal.[6]

**2. Second Cause of Action: Violation of Title II, Subpart B, of ADA**

The Second Cause of Action, titled "Violation of Title II, Subpart B, of the [ADA]," is asserted against the MTC and San Francisco only. Pursuant to Title II, Part B, "it shall be considered discrimination . . . for a public entity to fail to operate a designated public transportation program or activity conducted in such facilities so that, when viewed in the entirety, the program or activity is readily accessible to and usable by individuals with disabilities." See 42 U.S.C. § 12148(a).

In its December 3 Order, the Court found the Bikeshare Program was not a "designated public transportation program" within the meaning of § 12148(a). In the SAC, although Schulz has realleged the Second Cause of Action, he fails to add any facts that could establish the Bikeshare program is the type of program covered by Title II, Part B.

---

[6] In light of such finding, the Court does not further address herein the alternative accommodations proposed by Schulz. The Court notes, however, those proposed alternatives involve defendants' altering the docks and including adaptive bicycles in the docked and dockless fleets. As docked and dockless bicycles are only available on a self-service basis, and Schulz alleges he needs a staff person to "configure[ ]" a bicycle to enable him to use it (see SAC ¶ 43), it is unclear from the SAC how modifying the docks and adding adaptive bicycles to the docked and dockless fleets would assist Schulz in accessing the Bikeshare Program.

1    Accordingly, the Second Cause of Action is subject to dismissal.

2    **3. Third Cause of Action: Violation of the Rehabilitation Act**

The Third Cause of Action, titled "Violation of § 504 of the Rehabilitation Act of 1973," is asserted against the MTC and San Francisco only.  The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  See 29 U.S.C. § 794(a).[7]

Schulz bases the Third Cause of Action on the same facts on which he bases the First and Second Causes of Action.  (See SAC ¶¶ 72-75.)  As "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act," courts apply "the same analysis to claims brought under both statutes."  See Zukle v. Regents of University of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999.)

Accordingly, the Third Cause of Action is, for the reasons stated above, subject to dismissal to the extent it is based on the Second Cause of Action and is not subject to dismissal to the extent it is based on the First Cause of Action.

**4. Seventh Cause of Action:  Violation of Title III of the ADA**

The Seventh Cause of Action, titled "Violation of Title III of the [ADA]," is asserted against the Motivate Defendants only.  Schulz alleges the Motivate Defendants, by not "provid[ing] full and equal access to the Bikeshare Program's rental services" (see SAC ¶ 119), have violated 42 U.S.C. § 12182.  Section 12182 provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a

---

[7] Schulz alleges defendants MTC and San Francisco have used "federal financial assistance" to "fund the operations of the Bikeshare Program."  (See SAC ¶ 73.)

place of public accommodation." See 42 U.S.C. § 12182(a).

As noted, Schulz alleges the Motivate Defendants operate the docked bicycle component of the Bikeshare Program and do not include within the fleet of available bicycles any hand-powered bicycles. A place of public accommodation, however, is not required to "alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." See 28 C.F.R. § 36.307(a). Consequently, in dismissing the Seventh Cause of Action as alleged in the FAC, the Court found § 12182 does not require the Motivate Defendants to alter their rental inventory to stock bicycles of a type not presently offered.

In the SAC, Schulz adds an allegation that the Motivate Defendants offer "accessible bikes" for rent elsewhere (see SAC ¶ 123) and argues he thus is not requesting the Motivate Defendants alter their inventory in the San Francisco bicycle docks, but, rather, that they redistribute to those docks accessible bicycles they presently rent in other locations. Schulz, however, cites no authority, and the Court has located none, holding that, if a business offers a particular good or service in one of its locations, it is required by the ADA to do so in each of its locations.

Accordingly, the Seventh Cause of Action is subject to dismissal.[8]

**5. Eighth Cause of Action: Violation of Title III of ADA**

The Eighth Cause of Action, titled "Violation of Title III of the [ADA,] Discrimination in Specified Public Transportation by Private Entity," is asserted against the Motivate Defendants only. In said claim, Schulz alleges the Motivate Defendants, "[b]y refusing to

---

[8] In his opposition, Schulz refers to a lawsuit Motivate LLC recently filed in state court, which filing, he asserts, supports the Seventh Cause of Action. (See Pl.'s Opp. at 4:6-9, 8:16-20, 23:23-24:16.) The connection between that other litigation and the instant case is not readily apparent. In any event, as the referenced lawsuit was filed after the SAC was filed, no allegations regarding such occurrence are included in the SAC, and, consequently, Schulz may not rely on it at this time. To the extent Schulz, in his opposition, requests leave to again amend the Seventh Cause of Action, or any other Cause of Action (see, e.g., id. at 22:14-17), the request is denied, without prejudice to Schulz's filing a motion for leave to amend and, pursuant to the Local Rules of this District, attaching thereto any proposed amended complaint, see Civil L.R. 10-1.

1  modify" their inventory of bicycles (see SAC ¶ 129), have violated 42 U.S.C. § 12184,
2  which statute provides that "[no] individual shall be discriminated against on the basis of
3  disability in the full and equal enjoyment of specified public transportation services
4  provided by a private entity that is primarily engaged in the business of transporting
5  people and whose operations affect commerce."  See 42 U.S.C. § 12184(a).

In its December 3 Order, the Court found the Bikeshare Program was not a "specified public transportation service" within the meaning of § 12184(a).  In the SAC, although Schulz has realleged the Eighth Cause of Action, he fails to add any facts that could establish the Bikeshare Program is the type of service covered by § 12184(a).

Accordingly, the Eighth Cause of Action is subject to dismissal.

**B.  State Law Claims**

**1.  Fourth Cause of Action: Violation of California Government Code**

The Fourth Cause of Action, titled "Violation of California Government Code § 11135, Discrimination Under Program Receiving Financial Assistance From the State," is asserted against the MTC and San Francisco only.  Section 11135 provides that "[n]o person in the State of California shall, on the basis of . . . physical disability . . . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."  See Cal. Gov't Code § 11135(a).[9]

As pleaded, the claim is derivative of the First and Second Causes of Action, i.e., ADA claims asserted against the MTC and San Francisco.  (See SAC ¶¶ 78, 80-81.)

Accordingly, the Fourth Cause of Action is, for the reasons stated above, subject to dismissal to the extent it is based on the Second Cause of Action and is not subject to dismissal to the extent it is based on the First Cause of Action.

---

[9]Schulz alleges "the administration, supervision and operation" of the Bikeshare Program "are funded in part by the State of California."  (See SAC ¶ 79.)

7

**2. Fifth Cause of Action: Violation of Unruh Act**

The Fifth Cause of Action, titled "Violation of California Law Including: the Unruh Act, Civil Code §§ 51 and 52, and the Americans with Disabilities Act as Incorporated by Civil Code § 51(f)," is asserted against all defendants. Under the Unruh Act, "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability, . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." See Cal. Civ. Code § 51(b); see also Cal. Civ. Code § 52(a) (providing private cause of action for violation of § 51).

Under the Unruh Act, any violation of the ADA "shall also constitute a violation of [the Unruh Act]." See Cal. Civ. Code § 51(f). Consistent therewith, Schulz bases his Unruh Act claim on the same allegations as he bases his ADA claims. (See SAC ¶ 87).

Accordingly, the Fifth Cause of Action is, for the reasons stated above, subject to dismissal to the extent it is based on the Second, Seventh, and Eighth Causes of Action, and is not subject to dismissal to the extent it is based on the First Cause of Action.

**3. Sixth Cause of Action: Violation of Civil Code §§ 54 and 54.1**

The Sixth Cause of Action, titled "Violation of California Law Including Civil Code §§ 54 and 54.1 and the Americans with Disabilities Act as Incorporated by Civil Code §§ 54(c) and 54.1(d)," is asserted against all defendants. Section 54.1, known as the California Disabled Persons Act ("DPA"), provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public to . . . modes of transportation [and] places of accommodation." See Cal. Civ. Code § 54.1(a)(1).

"'Full and equal access' is defined by section 54.1 to mean access that complies with the regulations developed under the [ADA], or under state statutes, if the latter impose a higher standard." Urhausen v. Longs Drug Stores California, Inc., 155 Cal. App. 4th 254, 261 (2007).

Here, to the extent the Sixth Cause of Action is based on defendants' alleged violations of the ADA (see SAC ¶ 96), such claim is, for the reasons stated above,

8

subject to dismissal to the extent it is based on the Second, Seventh, and Eighth Causes of Action, and is not subject to dismissal to the extent it is based on the First Cause of Action. Thus, as to the MTC and San Francisco, the Sixth Cause of Action will go forward.

As to the Motivate Defendants, assuming the Bikeshare Program constitutes a "mode of transportation" or "place of accommodation," see Cal. Civ. Code § 54.1(a), Schulz fails to identity any state regulation or state law that requires a non-public entity to do more than is required under federal regulations. As discussed above in connection with the Seventh Cause of Action, those regulations do not require places of accommodation to alter inventory and, as discussed in connection with the Eighth Cause of Action, bicycles are not a covered transportation service. In short, Schulz has not shown the Motivate Defendants failed to comply with regulations developed under the ADA nor has he shown said defendants failed to comply under a "higher" state standard. See Earll v. eBay, Inc., 2011 WL 3955485, *3 (N.D. Cal. September 7, 2011) (holding, as "DPA is not a freestanding statute," DPA claim not based on violation of ADA must be based on violation of "California state regulations that prescribe higher accessibility standards than the ADA").

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss the SAC is hereby GRANTED in part and DENIED in part, as follows:

1. The Second, Seventh, and Eighth Causes of Action are DISMISSED.

2. The Third Cause of Action is DISMISSED to the extent it is based on the Second Cause of Action.

3. The Fourth and Fifth Causes of Action are DISMISSED to the extent they are based on the Second, Seventh, and Eighth Causes of Action.

4. The Sixth Cause of Action is DISMISSED to the extent it is based on the Second, Seventh, and Eighth Causes of Action, and on a violation of a state standard.

//

5. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 4, 2020

MAXINE M. CHESNEY
United States District Judge